BEN E. DUPRÉ, Bar #231191
Dupré Law Firm, P.C.
2005 De La Cruz Blvd., Suite 203
Santa Clara, CA 95050
Tel: (408) 727-5377
Fax: (408) 727-5310
bendupre@gmail.com

RONALD WILCOX, Bar #176601
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@post.harvard.edu

Counsel for Plaintiff,
EFFREN TREJO

E-FILING

ADR

ORIGINAL FILED

MAY – 6 2013

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

## U.S. DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

EFFREN TREJO,

    Plaintiff,

v.

MACY'S, INC., DEPARTMENT STORES NATIONAL BANK, FDS BANK, THOMAS MARSHALL and DOES 1-10,

    Defendants.

Civil Action No. CV13-02064 PSG

**COMPLAINT**

### I. INTRODUCTION

1. Defendants made more than fifty (50) telephone calls to Mr. Trejo, in an approximate one (1) month period from about August to September 2012, in an attempt to collect a debt allegedly incurred on a Macy's credit card, despite Mr. Trejo's request they cease. Defendants placed more than one call on the same day on numerous occasions. And at

1

COMPLAINT

times, Defendants placed more than nine (9) calls to Mr. Trejo on the same day. Defendants violated fair debt collection laws, the Telephone Consumer Protection Act, and related common law.

2. Mr. Trejo suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages, including but not limited to, anxiety, sleeplessness, headaches, depression, marital instability, loss of enjoyment of life, amongst other injuries.

3. It is the pattern and practice, and business plan of the Defendants, to place repeated and continuous telephone calls to consumers in an abusive and intrusive manner, contact consumers at inconvenient times, and fail to cease and desist. *Zehnder v. FDS Bank, et al*, 2010 U.S. Dist. LEXIS 99377 (M.D.Pa. March 18, 2010)(failing to cease and desist, attempting to collect a debt that was discharged, etc.).

4. According to the Federal Fair Debt Collection Practices Act, 15 U.S.C. 1692:[1]

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to **marital instability**, to the loss of jobs, and to **invasions of individual privacy**.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper in California on the basis that Defendants have offices and do business here in California.

---

[1] In 2000, The California Legislature incorporated the substantive provisions of 15 U.S.C. 1692 et seq.

COMPLAINT

6. Venue is proper because Defendants regularly conduct business in Santa Clara County. Mr. Trejo resides in Santa Clara County, and the unlawful conduct herein occurred in Santa Clara County, California.

### III. PARTIES

7. Plaintiff EFFREN TREJO, (hereinafter "Mr. Trejo") is a natural person residing in Santa Clara County in the State of California. Mr. Trejo is a debtor as that term is defined in California Civil Code § 1788.

8. On information and belief, Defendant, Macy's, Inc. is a foreign business corporation doing business in California, which issues lines of credit through its financing arm Department Stores National Bank (hereinafter "DSNB"), which are then collected by FDS Bank.

9. Macy's and DSNB, in the ordinary course of business, regularly attempt to collect these debts allegedly incurred on its own behalf, or through its subsidiaries and agents.

10. FDS Bank provides credit processing and collections for credit card accounts that are owned by DSNB.

11. Defendant, Macy's, Inc. ("Macy's") is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

12. Defendant, DSNB is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

13. Defendant, FDS Bank is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

14. Thomas Marshall is an employee of Defendants and regularly collects debts on their behalf.

3

COMPLAINT

15. Defendant, Thomas Marshall is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. The Defendants were attempting to collect consumer debts as that term is defined by California Civil Code §1788.2.

17. Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Mr. Trejo, and who therefore are sued by such fictitious names. Mr. Trejo is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Mr. Trejo. Mr. Trejo will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

18. At all times mentioned herein, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment. The Defendants are jointly and severally liable to Mr. Trejo for their conduct. Defendants approved, authorized and/or ratified the wrongful acts and omissions herein.

19. Any reference hereinafter to "Defendant" or "Defendants", without further qualification, is meant by Mr. Trejo to refer to Macy's, DSNB, and FDS Bank.

## IV. FACTUAL ALLEGATIONS

20. Mr. Trejo alleges on information and belief as follows:

21. Mr. Trejo allegedly became indebted to Defendants via a consumer credit card ending in 3761. The debt was used for personal, family, or household purposes, and were consumer credit transactions as those terms are defined by California Civil Code § 1788.2.

4

COMPLAINT

22. Defendants made more than fifty (50) telephone calls to Mr. Trejo, in an approximate one (1) month period from about August to September 2012, in an attempt to collect a debt, despite Mr. Trejo's request they cease. Defendants placed more than one call on the same day on numerous occasions. And at times, Defendants placed more than nine (9) calls to Mr. Trejo on the same day.

23. At some point, Macy's or DSNB transferred the account to United Collection Bureau, Inc. ("UCB"), with a specific intent to continue to contact Mr. Trejo and his family on Macy's behalf.

24. On information and belief, Macy's or DSNB informed UCB that Mr. Trejo had requested that the collection attempts cease.

25. Alternatively, on information and belief, Macy's or DSNB was negligent in failing to inform UCB that Mr. Trejo had requested that the collection attempts cease.

26. On January 24 and January 25, 2012, Defendants, through its collection agent, Kerry from UCB called Mr. Trejo's mother (who does not reside with Mr. Trejo), despite Mr. Trejo already informing Defendants to cease calling back in August 2012.

27. A collector told Mr. Trejo's mother they were looking for Mr. Trejo.

28. Mr. Trejo's mother told UCB that Mr. Trejo did not live there.

29. Defendants asked her for an alternate phone number to reach Mr. Trejo.

30. Mr. Trejo's mother asked UCB that they not call her home because Mr. Trejo did not live there.

31. Defendants asked Mr. Trejo's mother to deliver a message to Mr. Trejo; to call them back at 1-800-299-0979.

5

COMPLAINT

32. Defendants sent Mr. Trejo numerous collection letters in an attempt to collect the alleged debt.

33. Defendants violated the Rosenthal Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, and related common law.

34. Defendants engaged in abusive, harassing and intrusive conduct in an attempt to collect.

35. Defendants' calls were repeated and continuous, and were with such frequency as to be unreasonable and to constitute harassment under the circumstances, and were inconvenient.

## V. FIRST CLAIM
## CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT
*Cal. Civil Code section 1788 et. seq.*
*(Against All Defendants)*

36. Mr. Trejo repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

37. Defendants violated California Civil Code §1788 et seq., including but not limited to California Civil Code §§ 1788.11 and 1788.17.

38. Defendants violated California Civil Code §1788.17 by engaging in impermissible communications with third parties.

39. Defendants violated California Civil Code §1788.11 by communicating, by telephone, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances.

40. Defendants and Defendant Marshall violated California Civil Code §1788.17 by engaging in conduct the natural consequence of which is to annoy, harass, oppress and abuse,

including repeated calls, and contacting Mr. Trejo at inconvenient times, failing to cease and desist.

41. Defendants and Defendant Marshall violated California Civil Code §1788.17 by using deceptive means in an attempt to collect a debt, and taking action they could not legally take.

42. Defendants and Defendant Marshall violated California Civil Code §1788.17 by engaging in unfair and unconscionable acts in an attempt to collect a debt.

43. Mr. Trejo is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

### VI. SECOND CLAIM - INVASION OF PRIVACY
*(Against Macy's DSNB, and FDS Bank)*

44. Mr. Trejo repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

45. Defendants' outrageous, abusive, and malicious acts constituted intrusion upon Mr. Trejo's seclusion.

46. Defendants' intruded upon the solitude or seclusion, private affairs or concerns of Mr. Trejo.

47. The intrusion was substantial, and of a kind that would be highly offensive to an ordinarily reasonable person.

48. The intrusion caused Mr. Trejo to sustain injury, damage, loss, or harm in the form of emotional distress and actual injury, as described above.

49. As a direct and proximate result of Defendants' unlawful conduct, Mr. Trejo has suffered damages in an amount to be determined at trial.

7

COMPLAINT

50. Defendants acted with oppression, and/or malice, thereby entitling Mr. Trejo to punitive damages in an amount according to proof and a finder of fact at trial.

51. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Mr. Trejo.

## VII. THIRD CLAIM – NEGLIGENCE
*(Against Macy's DSNB, and FDS Bank)*

52. Mr. Trejo repeats, re-alleges, and incorporates by reference all of the paragraphs above as more fully stated herein.

53. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

54. Defendants negligently inflicted emotional distress.

55. Defendants breached a duty imposed by law and contract.

56. Defendants owed Mr. Trejo a duty to refrain from unlawful debt collections (California Civil Code §1788 et seq.) and unlawful telephone conduct (Penal Code §653m and 47 U.S.C. §227(b)(1)(A)).

57. The breach of such duty proximately caused injury to Mr. Trejo.

58. The injury resulted from an occurrence the nature of which these statutes were designed to protect Mr. Trejo from.

59. Mr. Trejo is a member of the class of persons the statute was designed to protect.

60. Defendants' conduct, as described herein, was wrongful conduct in that Defendants conducted their business in an abusive, oppressive, and harassing manner.

61. Defendants' wrongful conduct, as described herein, actually and proximately caused Mr. Trejo severe and serious emotional distress in that Defendants' wrongful conduct has caused harm as described above.

8

COMPLAINT

62. It is clearly foreseeable that Defendants' actions as described herein could cause harm, including severe and serious emotional distress.

63. As a direct and proximate result of Defendants' unlawful conduct, Mr. Trejo has suffered damages in an amount to be determined at trial.

64. Defendants acted with oppression, and/or malice, thereby entitling Mr. Trejo to punitive damages in an amount to be determined at trial.

65. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Mr. Trejo.

### VIII. FOURTH CAUSE OF ACTION – NEGLIGENT TRAINING AND SUPERVISION
*(Against Macy's, DSNB, and FDS Bank)*

66. Mr. Trejo incorporates by reference the above paragraphs as though fully stated herein below.

67. Defendants negligently trained and supervised their employees and agents as to the performance of their job duties.

68. As a result of such negligent instruction and supervision, the employees/agents, while carrying out their job duties, caused injury and damage to Mr. Trejo.

69. As a direct and proximate result of Defendants' unlawful conduct, Mr. Trejo suffered damages in an amount to be determined at trial.

70. Defendants acted with oppression, and/or malice, thereby entitling Mr. Trejo to punitive damages in an amount to be determined at trial.

71. Defendants acted in a despicable manner and acted with a conscious disregard to the rights of Mr. Trejo.

COMPLAINT

### IX. **FIFTH CAUSE OF ACTION - TCPA**
*(Telephone Consumer Protection Act)*
*(Against Macy's DSNB and FDS Bank)*

72. Mr. Trejo repeats, re-alleges and incorporates by reference all other paragraphs.

73. At all times relevant to this complaint, Mr. Trejo was and is a "person", as defined by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 153(32).

74. At all times relevant to this complaint, the Defendants have owned, operated, and or controlled "customer premises equipment", as defined by the TCPA, 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

75. Defendants at all times relevant to the complaint herein engaged in "telecommunications", as defined by the TCPA, 47 U.S.C § 153(43).

76. Defendants at all times relevant to the complaint herein engaged and engages in "interstate" communications", as defined by the TCPA, 47 U.S.C. § 153(22).

77. At all times relevant to this complaint, Defendants used, controlled, and/or operated "wire communications", as defined by the TCPA, 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

78. At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems", as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f)(1).

79. Defendants violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone Mr. Trejo's cellular phone in an attempt to collect an alleged debt.

80. Defendants frequently made calls to Mr. Trejo's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and/or

COMPLAINT

an artificial or prerecorded voice.

81. Defendants' violations were willful and knowing.

82. As a result of these violations of the TCPA, Defendants are liable to Mr. Trejo for statutory damages, including treble damages.

83. Defendants engaged in willful and knowing violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

84. Defendants used an automated telephone dialing system and pre-recorded messages to telephone Mr. Trejo's cellular telephone.

85. Defendants acted with oppression, fraud, and/or malice, thereby entitling Mr. Trejo to punitive damages in an amount according to proof and determined by a finder of fact at trial.

86. Mr. Trejo is entitled to recover actual and punitive damages.

## X. PRAYER FOR RELIEF

WHEREFORE, Mr. Trejo prays that this Honorable Court grant him the following relief from Defendants:

1. Actual damages;

2. Statutory damages;

3. Punitive damages;

4. Treble damages pursuant to the TCPA;

5. Injunctive relief;

6. Mr. Trejo's reasonable attorneys' fees;

7. Costs of the action; and

8. For such other and further relief as the Court may deem just and proper.

COMPLAINT

Respectfully submitted,

_____  5/02/13
Ben E. Dupré, Attorney for Mr. Trejo      Date

## DEMAND FOR JURY TRIAL

Please take notice that Mr. Trejo demands a trial by jury in this action.

_____  5/02/13
Ben E. Dupré, Attorney for Mr. Trejo      Date

COMPLAINT