**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EFFREN TREJO ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MACY'S, INC., DEPARTMETN STORES ) <br> NATIONAL BANK, FDS BANK, THOMAS ) <br> MARSHALL, and DOES 1-10, ) <br> ) <br> Defendants. ) <br> ) | Case No. 5:13-cv-02064-LHK (PSG) <br><br> **ORDER GRANTING-IN-PART PLAINTIFF'S MOTIONS TO COMPEL** <br><br> **(Re: Docket Nos. 32, 33)** |

On March 11, 2014, the parties appeared before the court for a hearing on the two instant motions. Concerned about the sufficiency of the "meet and confer process" that had taken place, the court gave both parties the use of its jury room for a more extensive conversation. That conversation, however, lasted for less than half an hour and resulted in no additional agreements or compromises. Rather than hold up the law and motion calendar, the court informed the parties that it would instead issue a brief order resolving the outstanding disputes. This is that order.

1

## I. BACKGROUND

On October 31, 2013, Plaintiff Effren Trejo served written discovery requests on Defendants Macy's Inc., FDS Bank, and Department Stores National Bank. On December 5, 2013, Trejo received responses, but they were primarily in the form of boilerplate objections. On December 20, 2013, Trejo sent Defendants a meet and confer letter. On January 14, 2014, Defendants "fully supplemented" their discovery responses, yet they only produced additional documents on January 24, 2014. On January 29-30, 2014, the parties engaged in further meet and confer sessions, resulting in Defendants' production of additional documents on February 3, 2014. On February 4, 2014, Trejo filed the instant motions to compel responses to select interrogatories and requests for production.

Although Defendants also committed to supplementing their interrogatory responses on March 4, 2014, at the hearing on March 11, the parties were unable to identify any issues that the alleged supplementation resolved. With the close of fact discovery fast approaching, the court now GRANTS the instant motions as to all but four of the contested issues.

## II. LEGAL STANDARDS

**A.   Motion to Compel**

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[1] "Relevance for purposes of discovery is defined very broadly."[2] If a party facing a discovery deadline is waiting for documents in response to a document request, the party may immediately move to compel

---

[1] Fed. R. Civ. P. 26(b).

[2] *See Garneau* v. *City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998).

production of the documents.[3] On a motion to compel, the "party seeking to compel discovery has the initial burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)."[4] "In turn, the party opposing discovery has the burden of showing that the discovery should not be allowed, and also has the burden of clarifying, explaining or supporting its objections with competent evidence."[5]

When a party withholds information otherwise discoverable by claiming that the information is privileged, the party must describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.[6] The Ninth Circuit has held that a party meets its burden of demonstrating the applicability of the attorney-client privilege by submitting a log that identifies (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or

---

[3] *See* Fed. R. Civ. P. 37(a)(3)(B)(iv) (A motion to compel a discovery response may be made if "a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34.").

[4] *Louisiana Pac. Corp.* v. *Money Mkt. 1 Institutional Inv. Dealer*, Case No. 3:09-cv-03529-JSW-LB, 2012 WL 5519199, at *3 (N.D. Cal. Nov. 14, 2012) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (noting that "in general the party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26."): *see also* Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence").

[5] *Louisiana Pac.*, 2012 WL 5519199, at *3 (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

[6] *See* Fed. R. Civ. P. 26(b)(5).

informed of its substance, and (e) the date the document was generated, prepared, or dated.[7] The privilege log goes beyond these standards if it also provides information on the subject matter of each document.[8] Such a log should generally be submitted within thirty days of the production request being served.[9]

### III. DISCUSSION

The vast majority of the information sought by the interrogatories and requests for production at issue is plainly relevant to the litigation at hand. Trejo seeks the identity and contact information of individuals and entities that were or may have been involved in the attempt to collect his debt. Any of these may be relevant fact witnesses, such that Trejo is entitled to depose them. Trejo also seeks information about Defendants' financial status, which is relevant to his punitive damage claim. The only clear overreaches presented in these discovery requests are the requests for production that seek information about previous complaints and judgments against Defendants relating to the collection of debts or complaints filed with the Better Business Bureau between 2009 and now. Even if these requests were remotely likely to lead to the discovery of additional fact witnesses, as Trejo would have the court believe, in their present form, they are overbroad.

On those bases, the court now GRANTS Trejo's motions as to all interrogatories and requests for production except numbers 11 and 12 as to DSNB and 12 and 13 as to Macy's and FDS Bank. Defendants shall fully respond to Trejo's interrogatories and requests for production

---

[7] *See In re Grand Jury Investigation,* 974 F.2d 1068, 1071 (9th Cir. 1992) (listing requirements) (citing *Dole v. Milonas*, 889 F.2d 885, (9th Cir. 1989).

[8] *See id.* (noting the corporation's "privilege log went beyond the *Dole* standards to provide information on the subject matter" of each document).

[9] *See* Fed. R. Civ. P. 34.

4
Case No. 5:13-cv-02064-LHK (PSG)
ORDER GRANTING-IN-PART PLAINTIFF'S MOTIONS TO COMPEL

within seven days of this order.  Any documents withheld on the basis of privilege shall be recorded in a privilege log, to be produced within fourteen days of this order.

**IT IS SO ORDERED.**

Dated: March 18, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge